UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO J. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LAPORTE CIRCUIT COURT and<br>THOMAS J. ALEVIZOS,<br><br>    Defendants. | CAUSE NO. 3:21-CV-317-JD-MGG |

OPINION AND ORDER

Mario J. Sanchez is being held at the Laporte County Jail awaiting trial. He filed this civil rights suit without a lawyer against the LaPorte Circuit Court and Judge Thomas J. Alevizos, alleging that the judge in his criminal case imposed an excessive bail of $100,000 and is requiring payment in full before release, rather than allowing him to pay just 10%. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A person alleging a violation of a federal right may bring a civil action under 42 U.S.C. § 1983 to remedy that violation. However, § 1983 has limits on the types of

violations it covers and on the people or entities that may be sued. The Laporte Circuit Court cannot be sued under § 1983. In Indiana, circuit courts are "a division of the State of Indiana, so [plaintiff's] suit is one against Indiana itself." *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017); *see* IND. CONST. art. 7 § 1 ("The Judicial power of the State shall be vested in a Supreme Court, in Circuit Courts, and in such inferior Courts as the General Assembly may establish."). Therefore, the LaPorte Circuit Court is acting on behalf of the state when conducting criminal trials, and there are strict limits to when a state may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There is no state statute allowing the circuit court to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

As for Judge Alevizos, he cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Setting bail is within the jurisdiction of a state criminal court judge. *See Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017)

("[Plaintiff's] claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity."). Nor do the allegations state a plausible claim for injunctive relief against the judge. *See* 42 U.S.C. § 1983 (limiting injunctive relief against a judicial officer to when "a declaratory decree was violated or declaratory relief was unavailable"). Therefore the judge must also be dismissed.

To the extent Sanchez is attempting to obtain release from custody, he cannot do so in this action, and instead his sole remedy lies in habeas corpus. 28 U.S.C. § 2241; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). "[I]f a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck*

*v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 11, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4